STAFFORD, sheriff, *et al. v.* McDONALD.

FISH, C. J. The general rule is that a sheriff can not sell land out of the county in which he is sheriff (Civil Code of 1910, § 6033), and must sell it at the court-house of the county wherein the levy was made (Id. § 6060), When, however, a new county is organized, the Civil Code (1910), § 839, provides that: " All taxes due the State and county by persons residing in the new county, or upon property included within the limits of the new county at the time of the creation of the new county, shall be payable to the tax-collector of the county from which said territory was taken; and the tax-collector of the original county is authorized to issue execution for the collection of such taxes, and it shall be enforced and collected by the officers of the county or counties from which the territory for the new county was taken." Accordingly, where an execution is issued by the tax-collector of the original county, for State and county taxes due in that county by one residing in the new county, it may be levied by the sheriff of the original county on land of the defendant in fi. fa., situated in the new county, and sold by such sheriff at the court-house of the original county. The court erred in temporarily enjoining the sheriff's sale.    *Judgment reversed. All the Justices concur.*
No. 3106.  DECEMBER 15, 1922.

Injunction. Before Judge Sheppard. Liberty superior court. February 14, 1920.

*W. C. Hodges,* for plaintiffs in error. *M. Price,* contra.